UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARTHURETTA HOLMES-MARTIN, ) <br> 9333 Raintree Road ) <br> Burke, Virginia 22015, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL O. LEAVITT, ) <br> Secretary of Health &Human Services) <br> 200 Independence Ave, S.W. ) <br> Washington, D.C. 20201, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. _____ |

**COMPLAINT**
**(Employment Discrimination)**

**Introduction**

1.    Plaintiff, Arthuretta Holmes-Martin, brings this action pursuant to Title VII of the

Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.,* and 42 U.S.C. § 1981a, and the

Civil Service Reform Act, 5 U.S.C. § 7703(b)(2), to remedy acts of employment discrimination and

retaliation perpetrated against her by the United States Department of Health and Human Services.

Plaintiff contends that management at that Department discriminated against her because of her race

(African-American) and then retaliated against her for having complained about such race-based

discrimination by creating a hostile working environment for her, by reassigning to others her

meaningful job responsibilities, by causing her to suffer a major depression and a generalized anxiety

disorder then punishing her for using medical leave to obtain treatment for these maladies, and

finally, by terminating her employment and removing her from the federal service when the discrimination/retaliation caused incapacity.

## Jurisdiction

2.      This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16(c).   Plaintiff filed her formal administrative complaints of employment discrimination and retaliation with the office that is designated to handle EEO complaints at the United States Department of Health and Human Services' EEO office over 180 days before filing this civil action, but has not received a final agency decision from that office on any of her EEO complaints; and plaintiff has filed an appeal of her termination from employment and removal from the federal service with the United States Merit Systems Protection Board more than 120 days before filing this civil action, but has not received a judicially reviewable action (see 5 U.S.C. § 7702 (e)(1)(A)).

## Venue

3.      Venue is proper in this judicial district under 42 U.S.C. Section 2000e-5(f)(3) and 5 U.S.C. § 7703(b)(2), as plaintiff was employed by the United States Department of Health and Human Services in the District of Columbia at the time of her termination, records pertaining to plaintiff's employment are maintained by the United States Department of Health and Human Services in this judicial district, and decisions adverse to plaintiff's employment that are the subject of this civil action were made in this judicial district.

## Parties

4.      Plaintiff is a female African-American citizen of the United States and of the Commonwealth of Virginia.  Plaintiff was employed by the United States Department of Health and

Human Services as the Deputy Director of the Office of Small and Disadvantaged Business Utilization until June 2007.

5.       Defendant Michael O. Leavitt is currently the Secretary of Health and Human Services of the United States and, as such, heads the United States Department of Health and Human Services (DHHS), a department within the Executive Branch of the government of the United States that has employed more than 500 persons in each of the last 20 weeks.  Mr. Leavitt is being sued here in his official capacity only.

### Statement of Facts

6.       Plaintiff Arthuretta Holmes-Martin was a career federal employee with over twenty years of service with DHHS.

7.       At the time of her termination from federal service, she was a GS-1102-14 Procurement Analyst and was the Deputy Director of the Office of Small and Disadvantaged Business Utilization at DHHS, working in the Washington, D.C. offices of DHHS.

8.       Ms. Holmes-Martin was supervised by Debbie Ridgely, a white female who was the Director of the Office of Small and Disadvantaged Business Utilization.

9.       Ms. Ridgely engaged in acts of discrimination and retaliation against Ms. Holmes-Martin and created a hostile working environment starting in 2003-2004.

10.       During this time period, Ms. Ridgely began treating Ms. Holmes-Martin with extreme hostility, isolating her from her colleagues, assigning work central to her position as the Deputy Director of the Office of Small and Disadvantaged Business Utilization to others, and subjecting her to public ridicule.  Ms. Ridgely did not subject the white employees who reported to her to such treatment.

11.    Ms. Ridgely even hired a white male assistant to take over Ms. Holmes-Martin's principle job responsibilities, thereby significantly diminishing her substantive job responsibilities. Ms. Ridgely did not subject the white employees who reported to her to such treatment.

12.    As a result of this treatment, Ms. Holmes-Martin filed multiple EEO complaints. She first complained in 2004, and requested that she be placed under a different supervisor. However, management at DHHS failed to tranfer her to another supervisor and merely interviewed Ms. Holmes-Martin and Ms. Ridgely. After Ms. Holmes-Martin filed her initial EEO complaint, Ms. Ridgely's treatment of her became even more hostile and hurtful, yet DHHS management did nothing to place Ms. Holmes-Martin under a new supervisor or to otherwise end Ms. Ridgely's discriminatory/retaliatory actions.

13.    By 2006, Ms. Ridgely's discriminatory/retaliatory treatment had caused Ms. Holmes-Martin to suffer from insomnia and depression. Ms. Holmes-Martin's mental and physical health continued to deteriorate until June 2006, when her doctor recommended that she take a leave of absence from work because the hostile work environment was causing her to suffer from both Major Depression and Generalized Anxiety Disorder.

14.    In January 2007, Ms. Ridgely proposed that Ms. Holmes-Martin's employment with DHHS be terminated and that she be removed from the federal service, because of her "medical inability" to perform her job, although it was Ms. Ridgely's race-based and/or retaliation-based harassment that had caused Ms. Holmes-Martin to become medically disabled from performing her job duties in the first place., and in spite of the fact that DHHS may have been able to prevent this situation if it had timely responded to Ms. Holmes-Martin's EEO complaints.

15.    In June 2007, the DHHS management, agreed to Ms. Ridgely's proposal and terminated Ms. Holmes-Martin's employment with DHHS and removed her from the federal service,

- 4 -

despite the fact that DHHS management's inaction on Ms. Holmes-Martin's EEO complaints and her request to be transferred to another supervisor had permitted Ms. Ridgely's discriminatory/retaliatory treatment of Ms. Martin to continue and to cause her to suffer the mental incapacities that adversely affected her ability to perform her job duties and responsibilities.

<b><u>Statement of Claims</u></b>

### <u>Claim I – Race Discrimination</u>

16.     As previously stated herein above, defendant, through his subordinate managers at DHHS, has discriminated against plaintiff on the basis of her race.

17.     As a consequence of such race-based discrimination, plaintiff has suffered and continues to suffer economic losses in the form of lost earnings and reduced retirement benefits and incurred legal expenses, as well as permanent career damage, extreme personal and professional humiliation, pain, suffering, mental anguish, emotional distress, insomnia, Generalized Anxiety Disorder, and Major Depression.

### <u>Claim II – Retaliation</u>

18.     As previously stated herein above, defendant, through his subordinate managers at DHHS, has retaliated against plaintiff for her having brought and maintained claims of race discrimination (and retaliation).

19.     As a consequence of such unlawful retaliation for prior protected civil rights activities, plaintiff has suffered and continues to suffer economic losses in the form of lost earnings and reduced retirement benefits and incurred legal expenses, as well as permanent career damage, extreme personal and professional humiliation, pain, suffering, mental anguish, emotional distress, insomnia, Generalized Anxiety Disorder, and Major Depression.

### Prayer for Relief

20.    Plaintiff requests that the court enter an order declaring that:

(a)    defendant discriminated and retaliated against plaintiff by creating for her a hostile working environment and reassigning her meaningful job responsibilities to others, which caused her to suffer a mental breakdown, and then by punishing her for using medical leave to obtain treatment for such condition;

(b)    she was terminated from her GS-14 position with the DHHS based upon her race and in retaliation for engaging in prior protected activity;

(c)    as a result of defendant's repeated intentional acts of discrimination and retaliation, plaintiff has experienced and will continue to experience in the future, economic losses in the form of lost earnings and reduced retirement benefits and incurred legal expenses, as well as permanent career damage, extreme personal and professional humiliation, pain, suffering, mental anguish, emotional distress, insomnia, Generalized Anxiety Disorder, and Major Depression;

(d)    defendant be ordered to refrain from any future acts of discrimination and/or retaliation against plaintiff;

(e)    defendant be ordered to correct its records, including plaintiff's Official Personnel File (OPF), so as to purge any negative information about plaintiff;

(f)    defendant be ordered to pay to plaintiff the sum of $300,000.00 in compensatory damages suffered as a result of the discrimination, plus interest thereon, *and* $300,000.00 in compensatory damages suffered as a result of the retaliation perpetrated on her by DHHS management, plus interest thereon;

(g)    defendant be ordered to provide plaintiff with back pay, including the value of any related benefits of employment such as earned leave and all pay increases, for the period from June

- 6 -

2006, when she went on leave without pay, through June 2007, when she was terminated from her employment at DHHS and removed from the federal service, with interest thereon;

(h)    defendant be ordered to provide plaintiff with front pay at the GS-14 pay level (including pay increases) until she reaches the age of 62 years when she would have retired from federal service but for DHHS management's discriminatory/retaliatory treatment of her;

(i)    defendant be ordered to pay plaintiff the costs of bringing and maintaining this civil action and the administrative charges that preceded it, including reasonable attorneys' fees, pursuant to 42 U.S.C. 2000e-5(k), with interest thereon; and

(j)    defendant be ordered to provide plaintiff with such other and further relief as the interests of justice may require.

### Jury Demand

21. Plaintiff hereby requests a jury trial on all issues of fact, including the measure of damages.

Respectfully submitted,

David H. Shapiro
D.C. Bar No. 961326
SWICK & SHAPIRO, P.C.
1225 Eye Street, N.W.
Suite 1290
Washington, DC 20005
Tel. 202-842-0300
Fax 202-842-1418
Email - dhshapiro@swickandshapiro.com

Attorney for Plaintiff

- 7 -

**Verification**

I hereby verify that the factual allegations contained in the foregoing Complaint are true and correct to the best of my knowledge, information, belief and recollection.

11/26/07
Date

Arthuretta Holmes-Martin

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ARTHURETTA HOLMES-MARTIN<br>9333 Raintree Road<br>Burke, Virginia 22015 | MICHAEL O. LEAVITT<br>Secretary of Health and Human Services<br>200 Independence Ave, S.W.<br>Washington, D.C. 20201, |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____<br>(IN U.S. PLAINTIFF CASES ONLY) _____<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF<br>LAND INVOLVED |
|---|---|
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>David H. Shapiro<br>D.C. Bar No. 961326<br>SWICK & SHAPIRO, P.C.<br>1225 Eye Street, N.W.<br>Suite 1290<br>Washington, D.C. 20005<br>(202) 842-0300 | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
Plaintiff

○ 3 Federal Question
(U.S. Government Not a Party)

◉ 2 U.S. Government
Defendant

○ 4 Diversity
(Indicate Citizenship of
Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place<br>of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place<br>of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a<br>Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

| ○ A. *Antitrust* | ○ B. *Personal Injury/ Malpractice* | ○ C. *Administrative Agency Review* | ○ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If<br>Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ○ E. *General Civil (Other)* | OR | ○ F. *Pro Se General Civil* | |
|---|---|---|---|
| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or<br>defendant<br>☐ 871 IRS-Third Party 26<br>USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure<br>of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational<br>Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC<br>Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced &<br>Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/<br>Exchange<br>☐ 875 Customer Challenge 12 USC<br>3410<br>☐ 900 Appeal of fee determination<br>under equal access to Justice<br>☐ 950 Constitutionality of State<br>Statutes<br>☐ 890 Other Statutory Actions (if<br>not administrative agency<br>review or Privacy Act |

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI.  CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Title VII Civ.Rights Act of '64, 42 U.S.C. §§ 2000e et seq.&Civ. Serv. Reform Act, 5 U.S.C. § 7703(b)(2) to remedy emplymnt discrimination based on race

| **VII.  REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ ⌐ $600,000.00 + ⌐<br>JURY DEMAND: | Check YES only if demanded in complaint<br>YES ☒  NO ☐ |
|---|---|---|---|

| **VIII.  RELATED CASE(S) IF ANY** | (See instruction) | YES ☐  NO ☒ | If yes, please complete related case form. |
|---|---|---|---|

DATE  11/26/07    SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.